**ERICK L. GUZMAN**
California Bar No. 244391
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
Telephone: (619) 234-8467
Erick_Guzman@fd.org

Attorneys for Mr. Medina

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR2125-WQH |
| Plaintiff, | ) | DATE: August 4, 2008 |
| | ) | TIME: 2:00 P.M. |
| v. | ) | |
| **ROBERT MEDINA,** | ) | NOTICE OF MOTIONS AND MOTIONS TO: |
| Defendant. | ) | |

1) SUPPRESS EVIDENCE;
2) PRODUCE GRAND JURY TRANSCRIPTS;
3) PRESERVE AND INSPECT EVIDENCE;
4) COMPEL DISCOVERY; AND
5) GRANT LEAVE TO FILE FURTHER MOTIONS

TO:    KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
       JOSEPH ORABONA, ASSISTANT UNITED STATES ATTORNEY:

       PLEASE TAKE NOTICE that, on August 4, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard, defendant, Robert Medina, by and through his attorneys, Erick L. Guzman, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

## MOTIONS

Defendant, Robert Medina, by and through his attorneys, Erick L. Guzman, and Federal Defenders of San Diego, Inc., asks this Court, pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules, for an order to:

1)   Suppress Evidence;

2)   Produce Grand Jury Transcripts;

3)   Preserve and Inspect Evidence;

4)   Compel Discovery; and

5)   Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,


DATED:  July 16, 2008                              _/s/ Erick L. Guzman_____
                                                   **ERICK L. GUZMAN**
                                                   Federal Defenders of San Diego, Inc.
                                                   Attorneys for Mr. Medina
                                                   Erick_Guzman@fd.org

## <u>CERTIFICATE OF SERVICE</u>

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best information and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

Courtesy Copy Chambers

Copy Assistant U.S. Attorney via ECF NEF

Joseph.Orabona@usdoj.gov

Copy Defendant

Dated:  July 16, 2008                    /s/ ERICK L. GUZMAN
                                                    Federal Defenders of San Diego, Inc.
                                                    225 Broadway, Suite 900
                                                    San Diego, CA 92101-5030
                                                    (619) 234-8467  (tel)
                                                    (619) 687-2666  (fax)
                                                    erick_guzman@fd.org (email)

1  **ERICK L. GUZMAN**
   California Bar No. 244391
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, CA 92101-5008
   Telephone: (619) 234-8467
4  Erick_Guzman@fd.org

5  Attorneys for Mr. Medina

6

7

8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10                   **(HONORABLE WILLIAM Q. HAYES)**

11  UNITED STATES OF AMERICA,          )    Case No. 08CR2125-WQH
                                       )
12            Plaintiff,               )    DATE: August 4, 2008
                                       )    TIME: 2:00 P.M.
13  v.                                 )
                                       )
14  **ROBERT MEDINA,**                 )    NOTICE OF MOTIONS AND MOTIONS TO:
                                       )
15            Defendant.               )    1)  SUPPRESS EVIDENCE;
                                       )    2)  PRODUCE GRAND JURY
16                                     )        TRANSCRIPTS;
                                       )    3)  PRESERVE AND INSPECT
17                                     )        EVIDENCE;
                                       )    4)  COMPEL DISCOVERY; AND
18  _____   )    5)  GRANT LEAVE TO FILE FURTHER
                                            MOTIONS_____
19

20  TO:     KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
            JOSEPH ORABONA, ASSISTANT UNITED STATES ATTORNEY:

21
            PLEASE TAKE NOTICE that, on August 4, 2008 at 2:00 p.m., or as soon thereafter as counsel may
22
    be heard, defendant, Robert Medina, by and through his attorneys, Erick L. Guzman, and Federal Defenders
23
    of San Diego, Inc., will ask this Court to enter an order granting the following motions.
24

25

26

27

28

**MOTIONS**

Defendant, Robert Medina, by and through his attorneys, Erick L. Guzman, and Federal Defenders of San Diego, Inc., asks this Court, pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law, and local rules, for an order to:

1)    Suppress Evidence;

2)    Produce Grand Jury Transcripts;

3)    Preserve and Inspect Evidence;

4)    Compel Discovery; and

5)    Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

DATED:  July 16, 2008                           _/s/ Erick L. Guzman_____
                                                                 **ERICK L. GUZMAN**
                                                                 Federal Defenders of San Diego, Inc.
                                                                 Attorneys for Mr. Medina
                                                                 Erick_Guzman@fd.org

1  **<u>CERTIFICATE OF SERVICE</u>**

2      Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best information

3  and belief, and that a copy of the foregoing document has been caused to be delivered this day upon:

4      Courtesy Copy Chambers

5      Copy Assistant U.S. Attorney via ECF NEF

6      Joseph.Orabona@usdoj.gov

7      Copy Defendant

8  Dated:  July 16, 2008                    <u>/s/ ERICK L. GUZMAN</u>

                                   Federal Defenders of San Diego, Inc.

9                                       225 Broadway, Suite 900

                                     San Diego, CA 92101-5030

10                                       (619) 234-8467  (tel)

                                     (619) 687-2666  (fax)

11                                       erick_guzman@fd.org (email)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ERICK L. GUZMAN**
California Bar No. 244391
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5008
Telephone: (619) 234-8467
Erick_Guzman@fd.org

Attorneys for Mr. Medina

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE WILLIAM Q. HAYES)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR2125-WQH |
| Plaintiff, | ) | DATE: August 4, 2008 |
| | ) | TIME: 2:00 P.M. |
| v. | ) | |
| | ) | |
| **ROBERT MEDINA,** | ) | STATEMENT OF FACTS AND |
| | ) | MEMORANDUM OF POINTS AND |
| Defendant. | ) | AUTHORITIES IN SUPPORT OF MOTIONS |
| | ) | |

**I.**

**STATEMENT OF FACTS**

On June 9, 2008 Border Patrol Agent Pitts observed a green Jeep Cherokee bearing California license plate #4GAP182 ("the vehicle") traveling on route 94. <u>See</u> I-831 at 5 (attached as Exhibit A). Agent Pitts conducted a vehicle registration check, a 72-hour lane check, and a stolen vehicle check. <u>See id</u>. The vehicle was traveling safely, with its head-lights activated and was obeying the speed limit. <u>See</u> Declaration of R. Medina (attached as exhibit B). The vehicle stopped. Border Patrol Agents then approached the vehicle, while all of its occupants remained in the vehicle. Nobody attempted to flee or exit from the vehicle. <u>See id</u>. Fourteen undocumented Mexican citizens were located within the vehicle. <u>See</u> Exhibit A at 2. Mr. Medina was one of the occupants of the vehicle. He was arrested and charged with violating 8 U.S.C. §1324.

Border Patrol Agent Davenport was involved with the arrest and wrote a report. <u>See</u> Exhibit A. This report contains facts that are contradictory to those contained above. <u>See id</u>. at 5.

These motions follow.

## II.

## SUPPRESS EVIDENCE

Agent Davenport seized Mr. Medina without having reasonable suspicion or probable cause, in violation of the Fourth Amendment. All fruits of that illegal arrest must be suppressed. See Wong Sun v. United States, 371 U.S. 471 (1963).

**A.     Mr. Medina Has Standing**

All occupants in a seized vehicle have standing to challenge the legality of the seizure. See Brendlin v. California, 551 U.S. ___ (2007), 127 S.Ct. 2400.

**B.     The Seizure of the Vehicle Was Not Supported by Reasonable Suspicion**

**1.     Vehicle Stops Require Constitutional Scrutiny.**

Terry v. Ohio, 392 U.S. 1 (1968), held that the Fourth Amendment allows officers armed with reasonable suspicion to temporarily detain someone. Yet the Terry Court itself recognized that even this lesser detention was still serious, "[i]t is a serious intrusion upon the sanctity of the person, which may inflict great indignity and arouse strong resentment, and it is not to be undertaken lightly." Id. at 10. Even a limited search is a "severe, though brief, intrusion upon cherished personal security, and it must surely be an annoying, frightening, and perhaps humiliating experience." Id.

Under Terry, someone can be temporarily detained only if "an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others." Id. at 24. The Terry court defined the relevant question as "would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate." Terry, 392 U.S. at 21.

Courts must look at the "totality of the circumstances" of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing. United States v. Arvizu, 534 U.S. 266, 273 (2002) (internal citations omitted). In Arvizu, the Supreme Court held that the Ninth Circuit's "divide and conquer" analysis was improper in the reasonable suspicion context. Id. at 267. However, "[r]easonable suspicion may not be based on broad profiles which cast suspicion on entire categories of people without any individualized suspicion of the particular person to be stopped." United States v. Sigmond-Ballesteros, 285 F.3d 1117, 1121 (9th Cir. 2002) (citing Arvizu, 534 U.S. at 273).

A vehicle stop must be supported by reasonable suspicion.  Deleware v. Prouse, 440 U.S. 648, 653 (extending Terry stops to automobiles); see also Briogni-Ponce, 422 U.S. 873, 878 (1975) (applying Fourth Amendment protection to investigatory stops of vehicles).

In analyzing the legality of a vehicle stop, courts inquire if all the factors known to the detaining officer "taken together, they sufficed to form a particularized and objective basis for making the stop." Sigmond-Ballesteros, 285 F.3d at 1121 (internal citations omitted).

In Arvizu, officers relied on the following factors to perform a vehicle stop: there had been sensor alerts; the suspected vehicle appeared to be bypassing a checkpoint; the car was registered to an address four blocks north of the border in an area notorious for alien and narcotics smuggling; the knees of the children seemed to be raised; said children were waving mechanically, as if being ordered; the vehicle was not headed near a known camping sight; and the vehicle was a van, which was known to be a perennial favorite of alien smugglers.  See Arvizu, 534 U.S. at 269-71.

**2.    Neither Agent  Davenport Nor Agent Pitts Observed Anything Indicating Illegal Activity**

Agents Pitts and Davenport did not observe anything that would supply them with a reasonable suspicion that criminal activity was afoot.  The vehicle was obeying all traffic laws.  See Exhibit B.  Further, it appears that the registration and stolen vehicle checks yielded negative results.  See Exhibit A at 5.

Agent Davenport stated that the vehicle was riding low.  See id.  Assuming this is true--a concession Mr. Medina does not make--that still would not supply Agent Davenport with reasonable suspicion.  He implies that the low-ride is suspicious, because there "was no visible reason" for the vehicle to be riding low. See id.  Ironically, in his immediate parenthetical, Agent Davenport supplies Mr. Medina with his response. That is, Agent Davenport included "equipment" as one possible explanation for the low-ride that was not visible.  However, equipment could have been in the rear of the vehicle and not visible to Agent Davenport. Thus, the fact that Agent Davenport was unable to see the potential equipment in the rear of the vehicle is not reasonable suspicious.

3.      **Route 94 Does Not Charge a Toll of Fourth Amendment Protection**

Virtually[1], the only "suspicious" factor that has not been disputed by Mr. Medina is the area where the vehicle was seized, which Agent Pitts described as "notorious" for alien smuggling.  See Exhibit A at 5. Thus, we are left with Agent Davenport observing a validly registered, non-stolen vehicle, obeying the traffic laws, that may or may not have been riding low, on Route 94.  Many innocent people travel on Route 94 every day at all hours.  Sigmund-Ballesteros made clear that the Fourth Amendment does not allow agents to cast a net of suspicion so wide as to include all motorists lawfully driving in an area such as  Route 94, that is "notorious" for illegal activity.  See Sigmund-Ballasteror, 285 F.3d at 1121.  Additionally, Route 94's proximity to the border alone does not allow agents to effect a vehicle stop.  See Briogni-Ponce, 422 U.S. at 873.

### III.

### PRODUCE GRAND JURY TRANSCRIPT

Rule 6 permits disclosure of grand jury proceedings at the request of a defendant who shows that a ground may exist to dismiss the indictment. Fed.R.Crim.P. 6(e)(1)(E)(ii).  The government was in possession of exculpatory evidence when it presented this case to the Grand Jury for indictment.  Failing to provide this exculpatory evidence to the Grand Jury would be grounds for dismissal, thus Mr. Medina has meet the burden of Rule 6(e).

### IV.

### MOTION TO PRESERVE AND INSPECT EVIDENCE

Mr. Medina renews the requests for preservation of evidence that was originally made before Judge Brooks.  See Clerk's Docket Sheet at 14 & 18.  Additionally, Mr. Medina requests that the government preserve any evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government (or its private contractors) in this case.  See United States v. Riley, 189 F.3d 802, 806-08 (9th Cir.1999).  This request includes, but is not limited to: (1) the vehicle; (2) any videotapes capturing Mr. Medina or any third party in relation to this case, including footage taken by the California Highway Patrol or any other law enforcement agency; (3) any recorded communications made by government or non-

---

[1]      Mr. Medina has not yet contested Agent Davenport's claim that the vehicle was riding low. Mr. Medina will first need to be granted access to the vehicle so as to do the proper investigation.

1   government officials related to the above captioned case, e.g., 911 or dispatch tapes; and, (4) any other

2   evidence seized from the defendant or any third party in relation to this case. This request also includes any

3   material or percipient witnesses who might be deported or otherwise likely to become unavailable (e.g.,

4   undocumented aliens and transients). Mr. Medina requests that government counsel be ordered to notify the

5   agencies and private contractors with custody of such evidence be informed of the Court's preservation order.

6   Further, Mr. Medina requests an order granting defense counsel and/or their investigators access to the

7   evidence for the purposes of investigation, including inspection, and photographing.

8   FED.R.CRIM.P.16(a)(1)(C). A proposed Order is attached for the convenience of the Court.

9        Mr. Medina requests that the above materials be preserved throughout the pendency of the case,

10   including any appeals.

11                     **V.**

12               **MOTION TO COMPEL DISCOVERY**

13        Mr. Medina requests all production of all relevant discovery pursuant to Federal Rule of Criminal

14   Procedure 16 and Brady and its progeny, and any other relevant law. This includes material that may support

15   any defense pre-trial motions. See United States v. Cedano-Arellano, 332 F.3d 568 (9th Cir. 2003) (Rule 16

16   applies to discovery material to defense pre-trial motions); United States v. Gamez-Orduno, 235 F.3d 453,

17   462 (9th Cir. 2000) (Brady applies to material supporting defense pre-trial motions).

18        Specifically, Mr. Medina requests production--or ability to inspect--the "A-File" of each witness that

19   was detained as part of the arrest in this case. Further, Mr. Medina requests production of the notes/and or

20   statements from the interview from each of the fourteen material witnesses. Mr. Medina also requests an un-

21   redacted copy of the I-831 (Exhibit A). Mr. Medina also requests the results of the registration check; stolen

22   vehicle check; and the 72-hour lane check Agent Davenport references in his report. See Exhibit A at 5.

23        Additionally, pursuant to Rule 12(b)(4)(B), Mr. Medina requests all evidence to which Mr. Medina

24   would be untitled under Rule 16, so that he may timely and properly negotiate his motions for the upcoming

25   hearing in front of this Court.

26

27

28

## VI.

## **MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**

Defense counsel has received 226 pages of discovery.  As additional discovery is produced, evidence is inspected,  and new information learned, Mr. Medina requests leave to file new, or supplement his current, motions.

## VII.

## **CONCLUSION**

For the foregoing reasons, Mr. Medina respectfully requests that the Court grant the above motions.

Respectfully submitted,

DATED:     July 16, 2008               */s/ Erick L. Guzman*
                                      ERICK L. GUZMAN
                                      Federal Defenders of San Diego, Inc.
                                      Attorneys for Mr. Medina
                                      Erick_Guzman@fd.org

U.S. Department of Homeland Security

## REPORT OF INVESTIGATION

| Title Re: Alien Smuggling 4-13 Old Highway 80 | File Number Event No: ▮▮▮ | Date 06/09/2008 |
|---|---|---|
| | | Report Number ▮▮▮ |

| Special Agent:    (Name)    (Signature) | Office |
|---|---|
| CORY J. DEVENPORT | SDC/ECJ |
| SENIOR PATROL AGENT | |
| Approved by:    (Name and Title)    (Signature) | Office |
| STEPHEN C. HUNT | SDC/ECJ |
| FIELD OPERATIONS SUPERVISOR | |

### SYNOPSIS
### ALIEN SMUGGLING CASE

PRINCIPAL          ORGANIZATION _____
NAME Roberto Jayme MEDINA _____ A# ▮▮▮ D/POB ▮▮▮
ALIAS _____ RACE _W_ SEX _M_ HT _67_ WT _149_ EYES _BRO_ HAIR _BLK_
ADDRESS (US) ▮▮▮_____ FOREIGN _____
S▮▮▮_____
IMM STAT U.S. Citizen _____ SS# ▮▮▮ FIN ▮▮▮

PRINCIPAL
NAME Walter Abel ALVAREZ-Tirado _____ A# ▮▮▮ D/POB UNITED STATES
ALIAS _____ RACE _W_ SEX _M_ HT _63_ WT _105_ EYES _BRO_ HAIR _BLK_
ADDRESS (US) ▮▮▮ _____ FOREIGN _____
S▮▮▮_____
IMM STAT U.S. Citizen _____ SS# _____ FIN ▮▮▮

PROSECUTION AUTHORIZED
8 USC 1324                      new file

▮▮▮                              JUN 11 2008

☒ Continued on attached continuation page

ALIENS
NUMBER IN LOAD ____13____ NATIONALITY 13 MEXICO    INTENDED DEST Los Angeles ____
CHARGE PER ALIEN __ Avg. $2,000.00 __ DATE/PLACE OF ENTRY _06/09/2008_ Tecate, California ____
PLACE OF ARREST Old Highway 80 westbound, 300 yards west of Buckman Springs Road ____
DATE OF ARREST 06/09/2008 2140 ___ ARRESTING OFFICER STEVEN F. PITTS ____
VEHICLE(S) USED 1993 JEEP GRAND CHEROKEE GRN VINN: 1J4GZ78Y7PC562911 ____ LIC# CA/4GAP182 ___
_____
_____

TOTAL NUMBER OF PRINCIPALS/ASSOCIATES _4___ DEPORTABLE/INADMISSABLE _1___ NON-DEPORTABLE _3___
TOTAL NUMBER OF CONVEYANCES SEIZED _1___ ESTIMATED TOTAL VALUE _$2,100.00___

RECRUITING PROCEDURES-TRAVEL TO BORDER AREA-TO WHOM PAYMENT MADE-STAGING AREAS-MANNER OF ENTRY
DROP HOUSES-HOW CHECKPOINTS AVOIDED-ROUTE TO POINT OF ARREST-CONTACTS AT DESTINATION

U.S. Department of Homeland Security                    Continuation Page for Form ___G166F___

| Alien's Name | File Number | Date |
|---|---|---|
| | | 06/09/2008 |
| | Event No: | |

**PRINCIPAL**
NAME  Julio Jr MARTULL _____  A# ▓▓▓▓  D/POB  UNITED STATES
ALIAS _____  RACE W SEX M HT 70 WT 145 EYES BRO HAIR BLK
ADDRESS (US) ▓▓▓▓▓▓▓▓▓▓▓▓_____  FOREIGN _____
▓▓▓▓▓▓▓▓▓▓▓▓▓_____
IMM STAT  U.S. Citizen _____  SS# _____  FIN ▓▓▓▓▓▓_____

**PRINCIPAL**
NAME  Jose MARTINEZ-GONZALEZ _____  A# ▓▓▓▓  D/POB  MEXICO
ALIAS _____  RACE W SEX M HT 65 WT 130 EYES BRO HAIR BLK
ADDRESS (US)  IN DHS CUSTODY _____  FOREIGN ▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓ MEXICO
IMM STAT  Inadmissable Alien _____  SS# _____  FIN ▓▓▓▓▓▓▓_____

**SMUGGLED ALIEN**
NAME  Reynalo HERNANDEZ-HERNANDEZ _____  A# ▓▓▓▓  D/POB  MEXICO
ALIAS _____  RACE __ SEX M HT 65 WT 140 EYES BRO HAIR BLK
ADDRESS (US) _____  FOREIGN ▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓ MEXICO
IMM STAT  Inadmissable Alien _____  SS# _____  FIN ▓▓▓▓▓▓_____

**SMUGGLED ALIEN**
NAME  Isidro REBOLLERDO-LOPEZ _____  A# _____  D/POB  MEXICO
ALIAS _____  RACE __ SEX M HT 65 WT 180 EYES BRO HAIR BLK
ADDRESS (US) _____  FOREIGN ▓▓▓▓▓▓▓▓▓▓▓▓
TECO▓▓▓▓▓▓▓▓, MEXICO
IMM STAT  Inadmissable Alien _____  SS# _____  FIN ▓▓▓▓▓▓_____

**SMUGGLED ALIEN**
NAME  Virginia CORNEJO-CASTELANO _____  A# _____  D/POB  MEXICO
ALIAS _____  RACE __ SEX F HT 63 WT 160 EYES BRO HAIR BLK
ADDRESS (US) _____  FOREIGN ▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓, MEXICO
IMM STAT  Inadmissable Alien _____  SS# _____  FIN ▓▓▓▓▓▓▓_____

. . . (CONTINUED ON NEXT PAGE)

| Signature _[signature]_ CORY J. DEVENPORT | Title  SENIOR PATROL AGENT |
|---|---|

Form I-831 Continuation Page (Rev. 08/01/07)

055

U.S. Department of Homeland Security          Continuation Page for Form ____G166F____

| Alien's Name | File Number | Date |
| --- | --- | --- |
| | ▓▓▓▓▓▓▓▓ | 06/09/2008 |
| | Event No: ▓▓▓▓▓▓▓▓ | |

SMUGGLED ALIEN
NAME Exiquio GARCIA-GONZAL        A# _____   D/POB ▓▓▓▓▓ MEXICO
ALIAS _____        RACE ____ SEX _M_ HT _67_ WT _130_ EYES _BRO_ HAIR _BLK_
ADDRESS (US) _____        FOREIGN ▓▓▓▓▓▓▓▓
_____ ▓▓▓▓▓▓▓▓ MEXICO
IMM STAT _Inadmissable Alien_        SS# _____ FIN ▓▓▓▓▓▓

SMUGGLED ALIEN
NAME Jose Feliciano BUENROSTRO-MORALES        A# _____   D/POB ▓▓▓▓▓ MEXICO
ALIAS _____        RACE ____ SEX _M_ HT _67_ WT _250_ EYES _BRO_ HAIR _BLK_
ADDRESS (US) _____        FOREIGN ▓▓▓▓▓▓▓▓
_____ ▓▓▓▓▓▓▓▓ MEXICO
IMM STAT _Inadmissable Alien_        SS# _____ FIN ▓▓▓▓▓▓

SMUGGLED ALIEN
NAME Jorge ESTRADA-CEJA        A# ▓▓▓▓▓   D/POB ▓▓▓▓▓ MEXICO
ALIAS _____        RACE _W_ SEX _M_ HT _65_ WT _135_ EYES _BRO_ HAIR _BLK_
ADDRESS (US) _IN DHS CUSTODY_        FOREIGN ▓▓▓▓▓▓▓▓
_____ ▓▓▓▓▓▓▓▓, MEXICO
IMM STAT _Inadmissable Alien_        SS# _____ FIN ▓▓▓▓▓▓

SMUGGLED ALIEN
NAME Jose DEJESUS-FLORES        A# _____   D/POB ▓▓▓▓▓ MEXICO
ALIAS _____        RACE ____ SEX _M_ HT _67_ WT _180_ EYES _BRO_ HAIR _BLK_
ADDRESS (US) _____        FOREIGN ▓▓▓▓▓▓▓▓
_____ ▓▓▓▓▓▓▓▓ MEXICO
IMM STAT _Inadmissable Alien_        SS# _____ FIN ▓▓▓▓▓▓

SMUGGLED ALIEN
NAME Paulo ESTRADA-CEJA        A# ▓▓▓▓▓   D/POB ▓▓▓▓▓ MEXICO
ALIAS _____        RACE _W_ SEX _M_ HT _66_ WT _150_ EYES _BRO_ HAIR _BLK_
ADDRESS (US) _IN DHS CUSTODY_        FOREIGN ▓▓▓▓▓▓▓▓
_____ ▓▓▓▓▓▓▓▓ MEXICO
IMM STAT _Inadmissable Alien_        SS# _____ FIN ▓▓▓▓▓▓

...(CONTINUED ON NEXT PAGE)

| Signature _[signature]_ CORY J. DEVENPORT | Title SENIOR PATROL AGENT |
| --- | --- |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    Continuation Page for Form   G166F

| Alien's Name | File Number ████████ | Date 06/09/2008 |
|---|---|---|
| | Event No: ████████ | |

SMUGGLED ALIEN
NAME Cesar ARANDA-VILLA           A# _____  D/POB ████ MEXICO
ALIAS _____  RACE ____ SEX M HT 68 WT 180 EYES BRO HAIR BLK
ADDRESS (US) _____  FOREIGN ████████
_____  ████ MEXICO
IMM STAT Inadmissable Alien       SS# _____  FIN ████

SMUGGLED ALIEN
NAME Francisco ORTIZ-DUARTE        A# _____  D/POB ████ MEXICO
ALIAS _____  RACE ____ SEX M HT 67 WT 145 EYES BRO HAIR BLK
ADDRESS (US) _____  FOREIGN ████████
_____  ████ MEXICO
IMM STAT Inadmissable Alien       SS# _____  FIN ████

SMUGGLED ALIEN
NAME Cesar Edward LOPEZ-LOPEZ      A# _____  D/POB ████ MEXICO
ALIAS _____  RACE ____ SEX M HT 65 WT 130 EYES BRO HAIR BLK
ADDRESS (US) _____  FOREIGN ████████
_____  ████ MEXICO
IMM STAT Inadmissable Alien       SS# _____  FIN ████

SMUGGLED ALIEN
NAME Rodolfo RAMIREZ-MONTIEL       A# _____  D/POB ████ MEXICO
ALIAS _____  RACE ____ SEX M HT 66 WT 140 EYES BRO HAIR BLK
ADDRESS (US) _____  FOREIGN ████████
_____  ████ MEXICO
IMM STAT Inadmissable Alien       SS# _____  FIN ████

SMUGGLED ALIEN
NAME Conrado ARTEAGA-Rodriguez     A# ████████  D/POB ████ MEXICO
ALIAS _____  RACE W SEX M HT 65 WT 185 EYES BRO HAIR BLK
ADDRESS (US) IN DHS CUSTODY        FOREIGN ████████
████████  ████ MEXICO
IMM STAT Inadmissable Alien       SS# _____  FIN ████

...(CONTINUED ON NEXT PAGE)

| Signature  [signature] CORY J. DEVENPORT | Title  SENIOR PATROL AGENT |
|---|---|

4 of 11 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

057

U.S. Department of Homeland Security                    Continuation Page for Form ___G166F___

| Alien's Name | File Number ▓▓▓▓▓▓▓▓▓▓ | Date |
|---|---|---|
| | Event No: ▓▓▓▓▓▓▓▓▓ | 06/09/2008 |

Narrative: Report of Investigation
-----------------------------------
On Monday June 9, 2008, at approximately 8:40 p.m., Supervisory Border Patrol Agent Steven
F. Pitts, a member of the El Cajon Station Abatement Team, was performing anti-smuggling
operations in Zone 28 near Campo, California.   SBPA Pitts observed a green Jeep Cherokee
pulled over to the side of the road with its headlights off in an area commonly known as
"Split Rock".  This area is located approximately nine miles east of the Tecate, California
Port of Entry and approximately five hundred yards north of the United States/Mexico
International border.  "Split Rock" is also adjacent to State Route 94 (SR-94), and it is
notorious for the presence of undocumented aliens and their smugglers attempting to further
their entry into the United States undetected.  Due to its close proximity to the border and
rough terrain, this area is ideal for smuggling people and/or narcotics.

SBPA Pitts stated that he observed the driver of the Jeep begin to drive eastbound on SR-94
with the Jeep's headlights turned off.  At this time of night, there was not enough light to
operate a vehicle safely without the use of headlights.  The area around "Split Rock" is
rural, and there are no homes that emit light or streetlights on SR-94.  In SBPA Pitts'
experience, a common tactic employed by smugglers is to operate under the cover of darkness
for as long as possible in order to escape detection.  As the Jeep approached SBPA Pitts,
his headlights shown into the Jeep and he observed several individuals attempting to conceal
themselves by ducking down in the rear seat of the Jeep as it headed eastbound on SR-94.
SBPA Pitts used his agency radio to communicate to agents in the area what he had just
witnessed.  Senior Patrol Agent Cory Devenport heard the information and started driving
westbound on SR-94 toward "Split Rock".

Agent Devenport stated that he observed a green Jeep Cherokee that matched Agent Pitts'
description driving eastbound on State Route 94 at a high rate of speed.  Agent Devenport
turned his vehicle around and started driving eastbound on SR-94 to run records checks and
visually inspect the Jeep.  Once Agent Devenport was able to read the rear license plate (CA
4GAP182), he noticed that the vehicle started decelerating rapidly.  The driver rapidly
applied his brakes several times.  Agent Devenport also noticed that the back end of the
vehicle was riding extremely low as if the vehicle was overloaded.  Agent Devenport also
observed that there were four individuals seated in the front seat.  Realizing that the
vehicle was leaving an area of the border which is a highly used corridor for alien
smuggling, coupled with the fact that the driver was operating his vehicle in a manner
consistent with previous alien smuggling loads (initially speeding off then slowing down
once marked Border Patrol vehicles continued to follow), and the fact that the back end of
the vehicle was sagging despite there being no visible reason (e.g. equipment,
passengers,...), Agent Devenport continued to follow the vehicle as it headed north on
Buckman Springs Road with the intention of executing a vehicle stop on the suspect vehicle
once it was north of Mountain Empire High School.

Agent Devenport contacted KAK 820 via his agency radio and informed them that he was
requesting a vehicle registration check, a 72-hour lane check, and a stolen vehicle check
and that he would be conducting a single agent vehicle stop on the Jeep at the intersection
of Buckman Springs Road and Old Highway 80 in Pine Valley, California.  Before Agent
Devenport was able to activate his emergency lights and sirens, the Jeep Cherokee turned
west onto Old Highway 80 and continued 300 yards before pulling over to the side of the
road.  When the Jeep stopped on the side of the road, Agent Devenport stated that the doors
of the Jeep opened and several occupants of the vehicle began to quickly exit the vehicle.
...(CONTINUED ON NEXT PAGE)

| Signature /s/ CORY J. DEVENPORT | Title SENIOR PATROL AGENT |
|---|---|

5 of 11 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

058

U.S. Department of Homeland Security                      Continuation Page for Form    G166F

| Alien's Name | File Number | Date |
|---|---|---|
| | ▓▓▓▓▓▓▓ | 06/09/2008 |
| | Event No: ▓▓▓▓▓▓▓▓ | |

At this time, Agent Devenport, assisted by Senior Patrol Agent Jose Vasquez and Senior Patrol Agent Jorge Diaz, identified themselves as United States Border Patrol Agents to all the occupants of the vehicle and were able to detain all of the occupants.  Agents Devenport, Vasquez ,and Diaz questioned the driver (Roberto Jayme MEDINA) and the sixteen other occupants of the vehicle individually as to their citizenship and immigration status. The driver and two of the front seat passengers (Walter Abel ALVAREZ-Tirado, Julio MARTULL Jr.), stated they were citizens and nationals of the United States.  The other fourteen occupants of the vehicle stated they were citizens and nationals of Mexico without any immigration documents that would allow them to enter, be, or remain in the United States lawfully.  Agent Devenport then placed all individuals including MEDINA, ALVAREZ, and MARTULL under arrest at 9:40 p.m. and transported them to the El Cajon Border Patrol Station for processing and interviews.

At the El Cajon Border Patrol Station, all 17 of the subjects were enrolled into DHS Processing systems confirming their identities. Record checks revealed the following:

Roberto Jayme MEDINA (Principal)
A #▓▓▓▓▓▓▓ (newly issued)
FINS #▓▓▓▓▓▓
FBI#▓▓▓▓▓▓▓
SID#▓▓▓▓▓

Walter Abel ALVAREZ-Tirado (Co-Principal)
A #▓▓▓▓▓▓▓ (newly issued)
FINS #▓▓▓▓▓▓
FBI #▓▓▓▓▓▓▓
SID #▓▓▓▓▓

Julio MARTULL Jr. (Co-Principal)
A #▓▓▓▓▓▓ (newly issued)
FINS #▓▓▓▓▓▓
FBI #▓▓▓▓▓▓▓
SID #▓▓▓▓▓

Jose MARTINEZ-Gonzalez (Co-Principal Foot-Guide)
A #▓▓▓▓▓▓
FINS #▓▓▓▓▓▓
FBI ▓▓▓▓▓▓▓

STATEMENT OF Roberto Jayme MEDINA (Principal)
On June 10, 2008, at approximately 2:31 a.m., at the El Cajon Processing Center in El Cajon, California, Senior Patrol Agent Jorge Diaz, as witnessed by Senior Patrol Agent Jose J. Vasquez, advised MEDINA, Roberto Jayme of his Miranda Rights in the English language as per Agency form I-214. MEDINA stated that he understood and wished not to speak to Agent Diaz or Vasquez without his lawyer present.

MEDINA signed a Material Witness retention form, indicating that he did not wish to retain any material witnesses on his behalf.

After MEDINA signed the Material Witness Retention Form, Agents Diaz and Vasquez immediately ...(CONTINUED ON NEXT PAGE)

| Signature | Title |
|---|---|
| CORY  DEVENPORT | SENIOR PATROL AGENT |

_____ of ___11___ Pages
    6

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security           Continuation Page for Form   G166F

| Alien's Name | File Number | Date |
|---|---|---|
| | ▓▓▓▓▓▓▓▓▓▓▓▓ | 06/09/2008 |
| | Event No ▓▓▓▓▓ | |

terminated the interview.

STATEMENT OF Walter Abel ALVAREZ-Tirado (Co-Principal)
At the above time, date, and location, Agent Diaz took a sworn video statement from ALVAREZ-Tirado, Walter Abel. Agent Vasquez witnessed this sworn statement.

On June 10, 2008, at approximately 2:08 a.m., Senior Patrol Agent Jorge Diaz, as witnessed by senior Patrol Agent Jose Vasquez, advised ALVAREZ of his Miranda Rights in the English language as per Agency Form I-214. ALVAREZ stated that he understood and wished not to speak with Agent Diaz or Vasquez without his lawyer present.

ALVAREZ signed a Material Witness Retention Form, indicating that he did not wish to retain any material witnesses on his behalf.

After ALVAREZ signed the Material Witness Retention Form, Agents Diaz and Vasquez immediately terminated the interview.

STATEMENT OF Julio MARTULL Jr. (Co-Principal)
On June 10, 2008, at approximately 2:55 a.m., Senior Patrol Agent Jorge Diaz read MARTULL his Miranda Rights which were administered to him in the English Language per Agency form I-214, and Agent Vasquez witnessed this advisal. MARTULL stated that he understood his Miranda Rights and was willing to speak with Agent DIAZ without having an attorney present. Senior Patrol Agent Jose J. Vasquez witnessed this advisal.

MARTULL stated that he is a citizen and national of the United States, born in ▓▓▓▓▓▓▓▓ California, on ▓▓▓▓▓▓▓▓▓▓▓▓▓ MARTULL stated that his mother is a Mexican citizen and national of Mexico legally present in the United States. MARTULL stated his father was Cuban, but he never met him and does not know his location.

MARTULL stated that on June 9, 2008, his friends MEDINA, Roberto Jayme and ALVAREZ-Tirado Walter Abel, invited him to go with them to Campo, California to visit a friend. MARTULL stated that before getting to the friend's house in Campo, California, they noticed a group of people on the side of the road. MARTULL stated the driver, MEDINA, stopped the vehicle and the people started to get into the vehicle.

MARTULL stated that when the vehicle stopped to pick up the individuals, the headlights of the vehicle were never off. MARTULL stated the individuals they picked up could have been illegal aliens.

MARTULL signed a Material Witness retention form, indicating that he did not wish to retain any material witnesses on his behalf.

STATEMENT OF Jose MARTINEZ-Gonzalez (Co-Principal Foot-Guide)
On June 10, 2008, at approximately 4:04 a.m., Senior Patrol Agent Jorge Diaz, as witnessed by Senior Patrol Agent Jose Vasquez, advised MARTINEZ of his Miranda Rights in the English language as per Agency Form I-214. MARTINEZ stated that he understood and was willing to speak with Agent Diaz and Vasquez without the presence of a lawyer present.

MARTINEZ signed a Material Witness Retention Form, indicating that he did not wish to retain any material witnesses on his behalf.

MARTINEZ stated that he is a citizen and national of Mexico born in ▓▓▓▓▓▓▓▓▓▓▓ MARTINEZ...(CONTINUED ON NEXT PAGE)

| Signature | Title |
|---|---|
| CORT J. DEVENPORT | SENIOR PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

U.S. Department of Homeland Security                    Continuation Page for Form ___G166F___

| Alien's Name | File Number | Date |
|---|---|---|
|  |  | 06/09/2008 |
|  | Event No |  |

stated that he does not have any immigration documents that would allow him to enter, be, or reside in the United States lawfully.  MARTINEZ stated that his parents do not posses any immigration documents that would allow them to enter or remain legally in the United States. MARTINEZ stated that he crossed into the United States on June 9, 2008 near the Tecate, C California Port of Entry by going under the International Border Fence.  MARTINEZ stated that he was going to pay $2,400 to be smuggled to Los Angeles, California.

MARTINEZ denied being a foot-guide.  He also stated that he did not see who was driving the vehicle he was arrested in.

MATERIAL WITNESS STATEMENT OF Paulo ESTRADA-Ceja
On June 10, 2008, 6:52 a.m., material witness ESTRADA provided Senior Patrol Agent Jorge Diaz with a videotaped sworn statement in the Spanish language, which in summary depicts the following:

On June 10, 2008, at approximately 6:53 a.m., Agent DIAZ advised ESTRADA of his right to speak to the Mexican Consulate.  ESTRADA stated that he understood his right but did not wish to speak to the Mexican Consulate at this time, Senior Patrol Agent Roman Muniz witnessed this advisal.

ESTRADA stated that his true and correct name is ESTRADA-Ceja, Paulo.  He stated that he is a citizen and national of Mexico born in _____, Mexico on _____.  He states that his parents are citizens and nationals of Mexico.  ESTRADA states that he is not in possession and has never possessed any immigration documents that would allow him to enter or remain in the United States legally.  He further states that he knowingly entered the United States illegally on June 9, 2008, by crawling under the United States/Mexico International Boundary Fence east of Tecate, California Port of Entry.

ESTRADA stated he made smuggling arrangements with an unknown smuggler in Tijuana, Baja California, Mexico for him to be smuggled into the United States.  He stated that he arrived in Tecate, Baja California, Mexico by bus. ESTRADA stated that his family was going to pay $2,500 for his safe arrival to Reno, Nevada.

ESTRADA stated after arriving in Tecate, Baja California, Mexico, other people and himself were picked up and driven to the border.  Once at the border, a guide crossed them illegally into the United States.  ESTRADA stated they walked for approximately one hour until arriving at a paved road. He also stated that that the foot-guide told them that they would be picked up by a vehicle.

ESTRADA stated the guide told them to get into a vehicle, and he then pushed a lot of people into the vehicle.  ESTRADA stated that it was difficult to breathe with all the individuals in the group packed into the vehicle.  ESTRADA stated he was afraid for his life, because he felt it was unsafe in the vehicle.  ESTRADA stated that people in the vehicle were yelling at the driver to stop, but the driver yelled back saying that they were almost there.

ESTRADA stated that after a twenty minute drive, they pulled over to the shoulder of the road.  ESTRADA stated that immediately after the vehicle stopped, they were arrested by Border Patrol Agents.

ESTRADA was presented with four photographic display line-ups numbered 1 through 4 consisting of six different photos each.  ESTRADA was not able to identify the driver from the...(CONTINUED ON NEXT PAGE)

| Signature | Title |
|---|---|
| CORY J. DEVENPORT | SENIOR PATROL AGENT |

_8_ of _11_ Pages

Form I-831 Continuation Page (Rev. 08/01/07)

061

U.S. Department of Homeland Security                    Continuation Page for Form  G166F

| Alien's Name | File Number | Date |
|---|---|---|
| | ~~████████~~ | 06/09/2008 |
| | Event No: ~~████████~~ | |

photographic line-up numbered 1.  ESTRADA was able to identify MATRULL, Julio Jr. from the photographic line-up number 2 as being one of the passengers in the vehicle when they were picked up.  ESTRADA was able to identify ALAVAREZ-Tirado, Walter Abel from photographic line-up number 3 as being arrested in the vehicle but not part of the original group who crossed from Mexico into the United States illegally.  ESTRADA was able to identify the foot guide later identified as MARTINEZ-Gonzalez, Jose, out of photographic number 4 as being the foot guide who crossed the group into the United States from Mexico illegally.

MATERIAL WITNESS STATEMENT OF Jorge, ESTRADA-Ceja ~~████████~~
On June 10, 2008, at approximately 6:18 a.m., Agent Diaz advised ESTRADA of his right to speak to the Mexican Consulate.  ESTRADA stated that he understood his rights and did not wish to speak to the Mexican Consulate at this time, Agent Vasquez witnessed this advisal.

ESTRADA stated that his true and correct name is ESTRADA-Ceja, Jorge.  He stated that he is a citizen and national of Mexico, born in ~~████████~~ Mexico on ~~████████~~  He stated that his parents are citizens and nationals of Mexico.  ESTRADA stated that he is not in possession and has never possessed any immigration documents that would allow him to enter, or remain in the United States legally.  He further stated that he knowingly entered the United States illegally on June 9, 2008, by crawling under the United States/Mexico International Boundary Fence east of Tecate, California Port of Entry.  He stated that he made arrangements with an unknown smuggler in Tijuana, Baja California, Mexico to be smuggled for the sum of $2,500.  ESTRADA stated that he was going to Reno, Nevada to live with his family.

ESTRADA stated that a car took him to an area east of Tecate, Baja California, Mexico where he was eventually taken to the United States/Mexico International Border Fence.  ESTRADA stated that after crossing the border fence, he and the group followed a foot-guide though the hills until arriving at a paved road.  ESTRADA stated that once he was there, he observed a vehicle complete a u-turn and drive to their location.  ESTRADA stated that the driver of the vehicle told the group to get inside.  ESTRADA stated that all fourteen individuals got inside of the vehicle and piled on top of each other.  ESTRADA stated that one of the rear passenger doors would not close.  ESTRADA stated that the driver of the vehicle became upset and told everyone to get out of the vehicle.  ESTRADA stated that someone was able to close the door and the driver drove off.  ESTRADA stated that while the vehicle was moving, people were lying on top of each other and that many of the people told the driver to stop.  ESTRADA stated that the driver replied to them with "shut up pendejos". ESTRADA stated that the driver did not stop until many of the undocumented aliens cursed at him to stop.

ESTRADA was presented with a photographic display lineup #1, 2, 3, and 4 consisting of six different photos each.  The photographs are numbered 1-6 and ESTRADA was asked to point and identify the picture of the subject who was the driver of the green Jeep on June 9, 2008 from photo lineup #1.  ESTRADA pointed to photo #5 positively identifying Principal MEDINA, Roberto, Jayme as the driver.
ESTRADA was presented with photo lineup #2.  ESTRADA pointed to photo #6 positively identifying Co-Principal MARTULL, Julio, Jr. as a passenger in the load vehicle already inside when they were picked up.
ESTRADA was presented with photo lineup #3.  ESTRADA pointed to photo #4 positively identifying Co-Principal ALVAREZ-Tirado, Walter Abel as the other passenger in the load vehicle already inside when they were picked up.
ESTRADA was presented with photo lineup #4.  ESTRADA pointed to photo #4 positively identifying (CONTINUED ON NEXT PAGE)

| Signature | Title |
|---|---|
| CORY J. DEVENPORT | SENIOR PATROL AGENT |

9 of 11 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

062

U.S. Department of Homeland Security                    Continuation Page for Form  G166F

| Alien's Name | File Number | Date |
|---|---|---|
| | Event No: | 06/09/2008 |

Co-Principal MARTINEZ-Gonzalez, Jose as the foot-guide of the group he was in.  ESTRADA stated that MARTINEZ used a radio that communicated with a person on a lookout point. ESTRADA stated that MARTINEZ told them when to hurry and hide.  ESTRADA stated that MARTINEZ would tell them to hurry if they wanted to be in the United States.

ESTRADA stated that he feared for his life because he thought that the vehicle was about to overturn.

MATERIAL WITNESS STATEMENT OF Conrado ARTEAGA-Rodriguez
On June 10, 2008, at approximately 7:28 a.m., Agent Diaz advised ARTEAGA of his right to speak to the Mexican Consulate.  ARTEAGA stated that he understood his rights, and he did wish to speak to the Mexican Consulate.  ARTEAGA was told that he would be afforded the opportunity to speak with the Mexican Consulate.  Agent Vasquez witnessed this advisal.

ARTEAGA stated that his true and correct name is ARTEAGA-Rodriguez, Conrado.  He stated that he is a citizen and national of Mexico, born in                    Mexico on                    .  He stated that his parents are citizens and nationals of Mexico.  ARTEAGA stated that he is not in possession and has never possessed any immigration documents that would allow him to enter, or remain in the United States legally.  He further stated that he knowingly entered the United States illegally on June 9, 2008, by crawling under the United States/Mexico International Boundary Fence east of Tecate, California Port of Entry.  He stated that he made arrangements with an unknown smuggler in Tijuana, Baja California, Mexico to be smuggled for the sum of $2,600.  ARTEAGA stated that he was going to Northern California to visit his family.

ARTEAGA stated that he took a taxi to an area east Tecate, Baja California, Mexico where he was eventually taken to the United States/Mexico International Border Fence.  ARTEAGA stated that after crossing the border fence, he and the group followed a foot-guide to a road where they waited for approximately two hours before a vehicle arrived to pick them up.  ARTEAGA stated that after approximately two hours, they were told to walk to the road where a vehicle arrived and picked them up.  ARTEAGA stated that he was told to enter first, which subsequently ended up putting him on the bottom of the pile.  ARTEAGA stated that he and others asked the driver to stop, because he felt as if he was suffocating.  ARTEAGA stated that he was transported to the hospital were he was treated for pain and high blood pressure.

ARTEAGA was presented with a photographic display lineup #1, 2, 3, and 4 consisting of six different photos each.  The photographs are numbered 1-6 and ARTEAGA was asked to point and identify the picture of the subject who was the driver of the Jeep on June 9, 2008 from photo lineup #1.  ARTEAGA could not identify anybody in this photo line-up.
ARTEAGA was presented with photo lineup #2.  ARTEAGA could not identify anybody in this photo line-up.
ARTEAGA was presented with photo lineup #3.  ARTEAGA pointed to photo #4 positively identifying Co-Principal ALVAREZ-Tirado, Walter Abel as a passenger in the load vehicle already inside when they were picked up.
ARTEAGA was presented with photo lineup #4.  ARTEAGA pointed to photo #4 positively identifying Co-Principal MARTINEZ-Gonzalez, Jose as the foot-guide of the group he was in. ARTEAGA stated that MARTINEZ told them to follow him and do whatever the person in front of them did.  ARTEAGA stated that MARTINEZ warned that whenever he said to kneel or hide they should do it.

ARTEAGA stated that he feared for his life because he was at the bottom of the group.
...(CONTINUED ON NEXT PAGE)

| Signature | Title |
|---|---|
| CORY J. DEVENPORT | SENIOR PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

063

U.S. Department of Homeland Security                    Continuation Page for Form   G166F

| Alien's Name | File Number | Date |
|---|---|---|
| | | 06/09/2008 |
| | Event No: | |

DISPOSITION:
MEDINA, ALVAREZ, MARTULL, and MARTINEZ were booked into IDENT for a violation of 8 USC 1324
Alien Smuggling and they are being held in DHS custody pending criminal prosecution for
Alien Smuggling.  ESTRADA, Jorge, ESTRADA, Paulo, and ARTEAGA, Conrado are being held in
Agency custody as material witnesses in the 1324 case MEDINA -vs- United States.
The ten other illegal aliens were processed and subsequently returned to Mexico as they
didn't have any criminal convictions that would make them a mandatory hold.

The vehicle, 1993 Jeep Cherokee, VIN# 1J4GZ78Y7PC562911, is being held in
Department of Homeland Security custody pending asset forfeiture proceedings.

10-28 r/o Jaynes Mickey Charles, Mantle, 640 Delaware ST. Imperial Beach, California 91932
10-29 Negative
10-72 Negative

ARRESTING AGENTS
----------------
CORY J. DEVENPORT
JOSE J. VASQUEZ
JORGE DIAZ
BENJAMIN BLANCHARD

| Signature | Title |
|---|---|
| CORY J. DEVENPORT | SENIOR PATROL AGENT |

Form I-831 Continuation Page (Rev. 08/01/07)

1  ERICK L. GUZMAN
   California State Bar No. 244391
2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
   225 Broadway, Suite 900
3  San Diego, California  92101-5030
   Telephone:  (619) 234-8467
4  Email: erick_guzman@fd.org

5

   Attorneys for Mr. Medina
6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                  **(HONORABLE WILLIAM Q HAYES)**

11

12  UNITED STATES OF AMERICA,          )    CASE NO. 08CR2125-WQH
                                       )
13            Plaintiff,               )
                                       )
14  v.                                 )    DECLARATION OF ROBERT MEDINA
                                       )
15  ROBERT MEDINA,                     )
                                       )
16            Defendant.               )
                                       )
17  _____   )

18

19       I, ROBERT MEDINA, state as follows, under penalty of perjury:

20       1.  On June 9, 2008 I was a traveling in a green 1993 Jeep Grand Cherokee, bearing California

21  license plate #4GAP182 ("the vehicle"), that was seized by Border Patrol.

22       2.  The vehicle had its head lights activated the entire time it was moving.  At no time was the vehicle

23  being driven with the headlights off.

24       3. The fastest the vehicle was being driven was fifty-five miles per hours.  At no time was the vehicle

25  traveling at a rate in excess of the speed limit.

26

27

28

                                                              08CR2125-WQH

1      4. I stayed in the vehicle until I was arrested by Border Patrol Agents.  I never fled or exited the

2 vehicle.  Nor did I attempt to flee or attempt to exit the vehicle.

3      I swear that to the best of my knowledge and memory, the foregoing is true and correct this ⟨6 th

4 day of July, 2008.

5

6                            _____

7                      **Robert Medina**
                     Declarant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                08CR2125-WQH

1  **ERICK L. GUZMAN**
California State Bar No. 244391
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
3  San Diego, California  92101-5030
Telephone:  (619) 234-8467
4  Facsimile:  (619) 687-2666
Email: erick_guzman@fd.org

5

6  Attorneys for Ms. Medina

7

8                           UNITED STATES DISTRICT COURT

9                           SOUTHERN DISTRICT OF CALIFORNIA

10                          **(HONORABLE WILLIAM Q. HAYES)**

11
   UNITED STATES OF AMERICA,          )     CASE NO. 08CR2125-WQH
12                                     )
                   Plaintiff,          )
13                                     )
   v.                                  )     ORDER TO PRESERVE  AND INSPECT
14                                     )     EVIDENCE
   ROBERT MEDINA,                      )
15                                     )
                   Defendant.          )
16                                     )
                                       )
17  _____)

18
          **IT IS HEREBY ORDERED** that the United States Government and its agents make available to
19
   the defense attorney and his agents, for examination, the  1993 Jeep Grand Cherokee, bearing California
20
   license plate #4GAP182 ("the vehicle") seized in the above-referenced case.  The Government and its agents
21
   are further ordered not to destroy, transfer, or otherwise dispose the vehicle; and recorded communcation--
22
   including dispatch tapes--regarding Mr. Medina's arrest; any property found in the vehicle or any person
23
   seized in the event; any reports or notes prepared during Mr. Medina's arrest and the resulting investigation,
24
   without emergency application to this Court, notice to Mr. Medina, and an opportunity to respond.
25
          **SO ORDERED.**
26

27
   Dated: _____       _____
28                                   HONORABLE WILLIAM Q. HAYES
                                     United States District Court Judge