FILED
AUG - 7 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROBERTO JAYME MEDINA, and<br><br>JOSE MARTINEZ-GONZALEZ,<br><br>　　　　Defendant. | Criminal Case No. 08cr2125-WQH<br><br>ORDER TO SET VIDEOTAPED DEPOSITION OF MATERIAL WITNESSES |

## ORDER

Upon request of material witnesses CONRADO ARTEAGA-RODRIQUEZ and JORGE ESTRADA-CEJA, (hereinafter collectively referred to as "Material Witnesses" or "The Witnesses"), and their counsel, Tamara D. DeHaan, and good cause appearing:

　　1.　The Material Witnesses, CONRADO ARTEAGA-RODRIQUEZ, JORGE ESTRADA-CEJA, and PAULO ESTRADA-CEJA, being held in custody in the above-referenced case number shall be deposed on August 14, 2008, beginning at 10:00 a.m. The deposition shall be held at the Office of the United States Attorney, located at 880 Front Street, Fifth Floor, San Diego, California. An employee of the U.S. Attorney's Office shall serve as the videotape operator.

　　2.　All parties, including the United States and the defendant/s, shall attend the deposition. The arresting agency shall bring the Material Witnesses to the deposition. If the above-named defendant/s are in custody, they shall be brought separately to the deposition and a United States Marshal shall remain present during the entire proceeding.

3. The U.S. Attorney's Office shall arrange for a court-certified interpreter to be present to translate for the Material Witnesses. The cost of the interpreter for the Material Witnesses shall be borne by the United States pursuant to 28 U.S.C. § 1827(c)(2).

4. If any defendant requires an interpreter independent of the interpreter for the Material Witnesses, defense counsel shall arrange for a court-certified interpreter to be present. The cost of a separate interpreter shall be paid by the Court.

5. The U.S. Attorney's Office shall arrange for a certified court reporter to be present at the deposition. The court reporter shall stenographically record the testimony, serve as a notary, and shall preside at the deposition in accordance with Fed. Rules Civ.Proc., rule 28(a). The cost of the court reporter shall be borne by the U.S. Attorney's Office.

6. The deposition shall be videotape recorded utilizing a magnetic tape that records sound as well as visual images. At the conclusion of the deposition, the deponents, or any party, may elect to have the deponents review the videotape record of his deposition and to note any errors, omissions or changes. Any errors, omissions or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent, delivered to the notary in a sealed envelope and filed in the same fashion as described in Paragraph 17 below, unless the parties agree on the record to a different procedure.

7. The videotape operator shall select and supply all equipment required to videotape and audio-tape the deposition, and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background. S/He shall determine these matters in a manner that accurately reproduces the appearance of the Material Witnesses and assures clear reproduction of both the Material Witnesses' testimony as well as the statements of counsel. The Material Witnesses, or any party to the action, may place upon the record any objection to the videotape operator's handling of any of these matters. Such objection shall be considered by the Court in ruling on the admissibility of the video and/or audio-taped record. All such objections shall be deemed waived unless made promptly after the objector knows, or has reasonable grounds to know, of the basis of such objection.

8. The deposition shall be recorded in a fair, impartial, objective manner. The videotape equipment shall be focused on the Material Witness providing testimony; however, the videotape operator may, from time to time, focus upon charts, photographs, exhibits, or like material being shown to the Material Witness during the deposition.

9. Before examination of a Material Witness, the Assistant U.S. Attorney shall state on the video/audio record: (a) Her/His name; (b) The date, time, and place of the deposition; (c) The name of the Material Witness, and the caption of the action; and (d) The identity of the parties, and the names of all persons present in the room. The court reporter shall then swear the Material Witness on the video record. Further, at the beginning of examination by each counsel, and on the record, each counsel shall identify himself/herself and his/her respective client. If more than one videotape is used, the Assistant U.S. Attorney shall repeat items (a), (b) and (c) at the beginning of each new tape.

10. The videotape operator shall not stop the video recorder after the deposition commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request shall be honored unless another party objects and states the basis for said objection on the record. Each time the tape is started or stopped, the videotape operator shall announce the time on the record. If the deposition requires the use of more than one tape, the end of each tape and the beginning of the next shall be announced orally on the video record by the video tape operator.

11. All objections, both as to form and substance, shall be recorded as if the objection had been overruled, and the Court shall rule on the objections prior to admitting that portion of the deposition. The party raising the objection(s) shall be responsible for preparing a transcript for the Court to consider. All objections to the evidence presented shall be deemed waived unless made during the deposition.

12. The party offering the deposition in evidence at trial shall provide the court with a transcript of the portions so offered.

13. Copies of all exhibits utilized during the videotaped deposition shall be marked for identification during the deposition, and attached to the videotaped record.

14. At the conclusion of the deposition, the U.S. Attorney's Office and defendant shall advise the Material Witnesses' attorneys if any party objects to the release of the Material Witnesses. If the

parties do not object to the Material Witnesses' release, the attorney for the Material Witnesses shall immediately serve all parties with a Stipulation and Proposed Order for Release of the Material Witnesses, and submit the Order to the Clerk of the Court for the Judge's signature. Prior to release from custody, the U.S. Attorney's Office shall serve the Material Witnesses with a subpoena for the trial date, a travel advance fund letter for purposes of appearing to testify at trial.

15. Upon written request by any party, the videotape operator shall provide a copy of the videotape deposition to the requesting party at the requesting party's expense. After preparing the requested copies, if any, the videotape operator shall turn over the original videotape to the notary, along with a certificate signed by the videotape operator attesting that the videotape is an accurate and complete record of the deposition.

16. Upon request by any party, the court reporter shall file with the Court the original videotape, along with any exhibits offered during the deposition, all in a sealed envelope marked with the caption of the case, the name of the Material Witness, and the date of the deposition. To that envelope, the court reporter shall attach the certificate of the operator. <u>If all counsel stipulate on the record, the U.S. Attorney's Office may maintain the original videotape until production is ordered by the Court or requested by any party.</u>

17. Unless waived by the parties, the court reporter shall give prompt notice to all parties of the filing of the videotape record of the deposition with the Court pursuant to Fed. Rules Civ.Proc., rule 30 (f)(3).

18. If any party objects on the record to the release of a Material Witnesses from custody, the objecting party must request in writing a hearing on the issue before the district judge who is assigned the case, or to such other district judge or magistrate judge as may be designated. <u>Notice of the Request for Hearing must be served on all parties and filed with the Clerk of the Court within twenty-four (24) hours after the deposition is concluded. A courtesy copy of the Notice shall be provided to chambers.</u> The Court shall set a briefing schedule, if appropriate, and a date and time for the objection to be heard as soon as reasonably practicable. At the hearing, the objecting party must establish to the Court's satisfaction an appropriate legal basis for the Material Witnesses to remain in custody. If, after the hearing, the Court orders the release of the Material Witnesses, the Material Witnesses' attorney shall

1  immediately present the release order to the Court for signature and filing. Before the Material
2  Witnesses are released, the U.S. Attorney's Office must again serve the Material Witnesses with a
3  subpoena for the trial date and a travel advance fund letter.

    IT IS SO ORDERED.

DATED: August 7, 2008

The Hon. Ruben B. Brooks
United States Magistrate Judge